# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLORENCE WALKER,<br><br>                    Petitioner,<br><br>  vs.<br><br><br>MARY LATTIMORE, Warden,<br><br>                    Respondents. | CASE NO. 09-CV-1913 - IEG (PCL)<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION IN FULL;**<br><br>**(2) DENYING AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS;**<br><br>**(3) DENYING A CERTIFICATE OF APPEALABILITY** |

   On August 31, 2009, Petitioner Florence Walker ("Petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 challenging her conviction. Petitioner pleaded guilty in the Superior Court for the County of San Diego, case number SCD193885, to two counts of assault with a deadly weapon. (Lodgment No. 1 at 00028.)

   Petitioner alleges the following in her Petition: (1) the prior conviction used to enhance her sentence under California's three strikes' law was not a strike; (2) there was insufficient evidence to convict her of assault with a deadly weapon against Diana Berlinguette; (3) she was improperly sentenced under California law; (4) she was not advised of her Fifth Amendment right against self incrimination with regard to her admission that she suffered a prior conviction nor of her Sixth Amendment right to a have a jury decide the validity of her prior conviction; and (5) her sentence violates the Eighth Amendment to the United States Constitution. In addition, Petitioner alleges the


following violations in her Traverse: (6) ineffective assistance of trial counsel; and (7) ineffective assistance of appellate counsel.

This matter was referred to Magistrate Judge Lewis, pursuant to 28 U.S.C. § 636(b)(1)(B). Respondent filed an answer on January 27, 2010, asserting several claims are procedurally defaulted and, in any event, all claims fail on the merits. (Doc. No. 7.) Petitioner filed her Traverse on March 17, 2010. (Doc. No. 12.) On July 13, 2010, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending the Court dismiss certain claims as procedurally barred and deny the Petition. (Doc. No. 13.) Petitioner filed objections to the R&R on September 2, 2010. (Doc. No. 16.) Having undertaken a *de novo* review of the record and having considered Petitioner's claims, the R&R, and Petitioner's objections, the Court hereby: (1) **ADOPTS IN FULL** the Magistrate Judge's R&R; (2) enters judgment **DENYING and DISMISSING** the Petition, and (3) **DENIES** a certificate of appealability.

## BACKGROUND

### I.  Factual Background

The Court adopts the factual background as stated by the Magistrate Judge, (see R&R at 2), which in turn takes the facts from the Court of Appeal's opinion denying Petitioner's direct appeal of her conviction. Pursuant to 28 U.S.C. § 2254(e)(1), the Court presumes the factual determinations to be correct.

### II.  Procedural Background

The San Diego County District Attorney filed a felony complaint charging Petitioner with two counts of assault with a deadly weapon against two victims, Diana McDaniel (count one) and Diana Berlinguette (count two), in violation of California Penal Code (Penal Code) section 245(a)(1). (Lodgment No. 1 at 00001-04.) As to each of these counts, the complaint also alleged that Petitioner personally used a hammer, a deadly weapon within the meaning of Penal Code section 1192.7(c)(23). (Id.) The complaint also alleged that Petitioner had suffered two prior convictions which made her ineligible for probation within the meaning of Penal Code section 1203(e)(4). (Id.) The complaint alleged one of the convictions as a prior serious felony within the meaning of Penal Code sections 667(a), 668 and 1192.7(c), and as a prior strike conviction within the meaning of Penal Code sections

667(b)-(i), 668, and 1170.12. (Id.) Petitioner pleaded guilty to all charges and admitted suffering the prior convictions as alleged. (Id. at 00005-08; Lodgment No. 20, vol. 1.) She was sentenced to the aggravated term of four years in prison on the assault with a deadly weapon charge alleged in count one, which was doubled to eight years pursuant to the three strikes law. (Lodgment No. 1 at 00028-29; Lodgment No. 20, vol. 2 at 17.) The court also imposed a sentence of two years in prison for the assault with a deadly weapon charge alleged in count two, and five years in prison for personally using a hammer, for a total of fifteen years. (Lodgment No. 1 at 00028-29; Lodgment No. 20, vol. 2.) Petitioner appealed her conviction and sentence to the California Court of Appeal. (Lodgment No. 1 at 00030; Lodgment Nos. 2-6.) The court affirmed Petitioner's convictions and sentence in a written, unpublished opinion. (Lodgment No. 7.) Petitioner thereafter filed a petition for review in the California Supreme Court, which that court denied without citation of authority. (Lodgment Nos. 8, 9.)

Petitioner filed a series of habeas corpus petitions in the state courts. She first filed a habeas corpus petition in the San Diego Superior Court, which that court denied in a written, unpublished order. (Lodgment Nos. 10, 11.) Thereafter, she filed a habeas corpus petition in the California Court of Appeal on September 8, 2008. (Lodgment No. 12.) While that petition was pending, Petitioner filed another habeas corpus action in the San Diego Superior Court. (Lodgment No. 13.) On November 6, 2008, the Superior Court denied her petition in a written, unpublished order, and on February 10, 2009, the state appellate court denied the petition she had filed in that court in a written, unpublished opinion. (Lodgment Nos. 14, 15.) Petitioner then filed another habeas corpus petition in the California Court of Appeal which that court denied in a written, unpublished opinion. (Lodgment Nos. 16, 17.) Finally, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Lodgment No. 18.) That court denied the petition in a one sentence decision that cited to In re Dixon 41 Cal. 2d 756 (Cal. 1953). (Lodgment No. 19.)

Petition filed the instant petition in a timely manner. Respondent filed an answer and Petitioner submitted a Traverse. (Doc. Nos. 7, 12.) The Magistrate Judge issued an R&R recommending the Court dismiss certain claims as procedurally barred and that the Court deny the Petition. (Doc. No. 13.) Petitioner subsequently filed her objections to the R&R. (Doc. No. 16.)

## STANDARD OF REVIEW

A federal court may grant a habeas corpus petition pursuant to 28 U.S.C. § 2254 only if the state court's decision was either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 403, 412-13 (2000). To grant a habeas petition upon a State court decision that was "contrary to" clearly established federal law, the state court must either have made a finding on a question of law which was "opposite to that reached" by the Supreme Court, or judged a case differently than the Supreme Court has "on a set of materially indistinguishable facts." Id. at 413. In order to grant a habeas petition upon a finding that the state court's adjudication of a claim involved "an unreasonable application" of clearly established federal law, the state court must have correctly identified the "governing legal principle" from Supreme Court precedent, but unreasonably applied that principle to the facts of the prisoner's case. Id.

When making the "unreasonable application" inquiry, a federal habeas court asks "whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409. The state court's decision must be more than "incorrect or erroneous." Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003). To warrant habeas relief, the state court decision must be in violation of a Supreme Court decision either directly addressing the issue before the state court or clearly establishing a "controlling legal standard" applicable to the petitioner's claims. See Wright v. Van Patten, 552 U.S. 120, 125 (2008); Panetti v. Quarterman, 551 U.S. 930, 953 (2007).

Habeas relief may also be granted where the state court's decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). "Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, § 2254(e)(1), and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding, § 2254(d)(2)." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

## ANALYSIS

Because Petitioner objects to the recommendations of the Magistrate Judge on all five claims, this Court must review *de novo* those portions of the R&R. 28 U.S.C. § 636(b)(1)(C); Holder v. Holder, 392 F.3d 1009, 1022 (9th Cir. 2004). Under 28 U.S.C. § 636 (b)(1)(C), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Where the state's highest court has not provided a reasoned decision for the claims at issue, the Court "looks through" to the "last reasoned" state court decision. Ylst v. Nunnemaker, 501 U.S. 797, 804-06 (1991). The last reasoned state opinion is the "last *explained* state-court judgment" on the Petitioner's claim which is "informative with respect to the question before us." Id. at 805. When the dispositive state court's judgment "does not supply reasoning for its decision," federal habeas courts must conduct "an independent review of the record" to decide whether the state court's adjudication of the issue was contrary to, or involved an unreasonable application of, clearly established federal law. Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000), overruled on other grounds by Andrade, 538 U.S. at 75-76.

In this case, Petitioner raises five claims in her Petition: (1) the prior conviction used to enhance her sentence under California's three strikes' law was not a strike; (2) there was insufficient evidence to convict her of assault with a deadly weapon against Diana Berlinguette (count two); (3) she was improperly sentenced under California law; (4) she was not advised of her Fifth Amendment right against self incrimination with regard to her admission that she suffered a prior conviction nor of her Sixth Amendment right to a have a jury decide the validity of her prior conviction; and (5) her sentence violates the Eighth Amendment to the United States Constitution. Petitioner also raises two additional claims in her Traverse: (6) ineffective assistance of trial counsel; and (7) ineffective assistance of appellate counsel.

**I.     Prior Conviction as a Strike Under California's Three Strikes Law (Claim One)**

Petitioner alleges she was improperly sentenced under California's three strikes law because the prior conviction used to double the base term under the three strikes law was not a strike. See Pet. at 6; Pet'rs. Exs. at 4-20. She contends her prior offense was a "wobbler," meaning that it can be charged as either a misdemeanor or a felony, and therefore it was not a

1  qualifying felony prior conviction for purposes of the three strikes law.  Respondent maintains, and
2  the Magistrate Judge concluded, the that the claim is procedurally defaulted, and in any event, that
3  it fails on the merits.  The Court agrees.
4      As the Magistrate Judge found, federal habeas relief is not available for alleged violations
5  of state law.  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also 28 U.S.C. § 2254(a).
6  Moreover, the Ninth Circuit has specifically held that a challenge to a sentence based on a claim
7  that a prior conviction does not constitute a strike under California law is not cognizable on federal
8  habeas review.  Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989).
9      In any event, Petitioner's claim fails even under state law.  A violation of Penal Code
10  section 245(a)(1) qualifies as a strike if it was committed with a deadly weapon or the defendant
11  personally inflicted great bodily injury.  See People v. Delgado, 43 Cal. 4th 1059, 1231 (2008).
12  According to the probation report, Petitioner pleaded guilty in 1993 to assault with a deadly
13  weapon after she slashed her fourteen-year-old son with a knife causing a wound that required four
14  stitches.  Lodgment No. 1 at 00013.  These facts establish Petitioner's prior conviction was a
15  strike.
16      For the foregoing reasons, the state court's conclusion that Petitioner's prior conviction
17  constituted a strike under California's three strikes law was neither contrary to, nor an
18  unreasonable application of, clearly established federal law as determined by the Supreme Court.
19  See 28 U.S.C. § 2254(d)(1). Therefore the Court **DENIES** Petitioner's first claim.
20  **II.     Sufficiency of Evidence to Support Conviction on Second Assault Count (Claim Two)**
21      Petitioner argues there was insufficient evidence to support her conviction for the second
22  count of assault with a deadly weapon against victim Diana Berlinguette because the victim
23  inserted herself into the altercation between Petitioner and the other victim, Diana McDaniel.  Pet.
24  at 6; Pet'rs Exs. at 21-30; Traverse at 6.  As with the preceding claim, Respondent maintains the
25  claim is procedurally barred and fails on the merits.  The Magistrate Judge correctly held the claim
26  is procedurally defaulted and, in any event, fails on the merits.
27      As the Magistrate Judge observed, the United States Supreme Court has stated that
28  collateral challenges to a conviction obtained as a result of a guilty plea are severely restricted.

After a guilty plea is entered, a defendant may attack only the voluntary and intelligent character of the plea, not any deprivation of rights that occurred prior to the entry of the plea. See Tollet v. Henderson, 411 U.S. 258, 266 (1973). Petitioner pled guilty, and she may not now challenge the sufficiency of the evidence to support her convictions. Id. at 266.

In any event, there was sufficient evidence to support Petitioner's conviction for assault with a deadly weapon. In assessing a sufficiency of the evidence claim, the Supreme Court has stated that "'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Juan H. v. Allen, 408 F.3d 1262, 1275 (9th Cir. 2005) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). In determining whether sufficient evidence has been presented, the Court must accept the elements of the crime as defined by state law. See Jackson, 443 U.S. at 324, n.16; Aponte v. Gomez, 993 F.2d 705, 707 (9th Cir. 1993) (stating that federal courts are "bound by a state court's construction of its own penal statutes").

In California, assault with a deadly weapon requires "'an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another.'" People v. Milward, 182 Cal. App. 4th 1477, 1480 (2010) (quoting Cal. Penal Code § 240). A "deadly weapon" is defined in Penal Code section 245(a)(1) "as an object or instrument used in a way 'likely to produce great bodily injury.'" In re R.P., 176 Cal. App. 4th 562, 567 (Cal. Ct. App. 2008). Although it has nondangerous uses, a hammer may be classified as a deadly weapon when used in a dangerous or deadly manner and its possessor intended to use it as such. See People v. Burton, 143 Cal. App. 4th 447, 457 (Cal. Ct. App. 2006) (citation omitted).

According to the state appellate court, to which the Court must defer under 28 U.S.C. § 2254 (e)(1), Petitioner hit Berlinguette on both arms with a hammer. At the time, Berlinguette was trying to intervene in Petitioner's assault on victim Diana McDaniel in order to protect a baby who was in the elevator at the time of the assault. Lodgment No. 7 at 2. These actions satisfied the elements of the crime of assault with a deadly weapon as defined by California law. See Cal. Penal Code § 245(a)(1); Milward, 182 Cal. App. 4th at 1480; In re R.P., 176 Cal. App. 4th at 567; Burton, 143 Cal. App. 4th at 457.

For the foregoing reasons, Petitioner's conviction was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court, nor did it involve an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. See 28 U.S.C. § 2254(d)(1) and (2). Therefore the Court **DENIES** Petitioner's second claim.

**III.   Sentence in Violation of Penal Code Section 654 (Claim Three)**

Petitioner next contends her sentence violates California Penal Code section 654 by punishing her twice for the same conduct. Respondent asserts the claim is procedurally barred and fails on the merits. The Magistrate Judge correctly held the claim is procedurally defaulted and, in any event, fails on the merits.

Section 654 prohibits multiple sentences for an indivisible course of conduct that violates multiple penal code sections. People v. Latimer, 5 Cal. 4th 1203, 1211 (Cal. 1993). A defendant's intent and objective are determining factors as to whether a course of conduct is "indivisible." Id. As the Magistrate Judge observed, the facts as recounted by the California appellate court reveal that Petitioner had two objectives: to injure McDaniel and to stop Berlinguette from interfering with her first objective. See Lodgment No. 7 at 2.

Accordingly, Petitioner's sentence did not violate Penal Code Section 654, and it was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court. See 28 U.S.C. § 2254(d)(1). Therefore the Court **DENIES** Petitioner's third claim.

**IV.   Violations of Right Against Self-Incrimination / Right to a Jury Trial (Claim Four)**

Petitioner alleges that (1) her Fifth Amendment rights were violated because she was not advised of her right against self-incrimination with regard to her admission to suffering a prior conviction, and that (2) her Sixth Amendment right to a jury trial was violated when she was not advised of the right to have a jury decide the validity of her prior conviction. However, as the

1  Magistrate Judge concluded, Petitioner's valid waiver precluded her entitlement to such
2  advisements.[1]

3  Boykin v. Alabama, 395 U.S. 238, 242, 243 (1968), requires a showing in the record that
4  the defendant has knowingly and voluntarily waived his or her right to a jury trial.  If a guilty plea
5  is entered knowingly and voluntarily, Boykin "does not require the state court to enumerate all of
6  the rights a defendant waives as long as the record indicates that the plea was entered voluntarily
7  and understandingly."  Rodriguez v. Ricketts, 798 F.2d 1250, 1254 (9th Cir. 1986).  Voluntariness
8  is a question of law and must be demonstrated by tangible evidence in the record, considering the
9  totality of the circumstances surrounding the plea.  Marshall v. Lonberger, 459 U.S. 422, 431-32
10 (1983); Brady v. United States, 397 U.S. 742, 749 (1970); Boykin, 395 U.S. at 242.  The historical
11 facts which support a determination of voluntariness, however, are questions of fact.  Factual
12 findings made by a state court are presumed correct, but may be rebutted by clear and convincing
13 evidence.  28 U.S.C. 2254(e)(1).

14  Here, the state court found Petitioner's guilty plea was knowing and voluntary.  Lodgment
15 No. 7 at 4.  As the Magistrate Judge highlighted, Petitioner initialed a box on the plea form which
16 indicated she understood she had the right to "confront and cross-examine all the witnesses against
17 me" and that she had the "right to remain silent" with regard to "all charges, allegations and prior
18 convictions" filed against her.  Lodgment No. 1 at 00006.  The plea form also explicitly permitted
19 the sentencing judge to determine the existence or non-existence of facts used to enhance
20 Petitioner's sentence.  Lodgment No. 7 at 4.  The record suggests Petitioner's guilty plea and
21 waiver were knowing and voluntary, and Petitioner has not presented any evidence to the contrary.

22  Accordingly, the state court's acceptance of Petitioner's guilty plea and waiver was neither
23 contrary to, nor an unreasonable application of, clearly established federal law as determined by the
24 Supreme Court.  See 28 U.S.C. § 2254(d)(1).  Therefore, the Court **DENIES** Petitioner's fourth
25 claim.

---

28  [1] As to (2), the Supreme Court has declared that any fact, *other than a prior conviction*, that increases the sentence for a crime beyond the statutory maximum must be proved beyond a reasonable doubt or admitted by the defendant.  See Cunningham v. California, 549 U.S. 270, 274-75 (2007) (citations omitted).  Accordingly, Petitioner's claim is meritless.

1  **V.      Violation of the Eighth Amendment (Claim Five)**

2  Petitioner contends her sentence violates the Eighth Amendment to the United States

3  Constitution.  (Pet. at 25.)  Respondent has not addressed this claim, but the Court may deny the

4  petition if it is "perfectly clear that the applicant does not raise even a colorable federal claim."

5  Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005).

6  To determine whether a sentence violates the Eighth Amendment, the Court must apply the

7  "gross disproportionality principle."  Lockyer v. Andrade, 538 U.S. 63, 72-73 (2003).  The

8  principle is applicable only in "exceedingly rare" and "extreme" cases.  See id. at 72.  The Ninth

9  Circuit has provided some guidance as to the kind of "exceedingly rare" Eighth Amendment claim

10 that warrants federal habeas relief.[2]

11 As the Magistrate Judge explained, the Ninth Circuit has upheld three strikes sentences in

12 cases where either the triggering offense or the defendant's prior record has involved violence or

13 the threat of violence.  See Nunes v. Ramirez-Palmer, 485 F.3d 432, 436-37, 439 (9th Cir. 2007)

14 (upholding sentence of twenty-five years to life for a felony theft offense where defendant's prior

15 record included two rape convictions and various convictions for burglary, robbery, and thefts);

16 Taylor v. Lewis, 460 F.3d 1093, 1100-01 (9th Cir. 2006) (upholding sentence of twenty-five years

17 to life for drug offense where defendant's prior convictions included second-degree burglary,

18 robbery with a firearm, and voluntary manslaughter with the use of a weapon, and defendant had a

19 history of violent recidivism); Rios v. Garcia, 390 F.3d 1082 (9th Cir. 2004 ) (upholding sentence

20 of twenty-five years to life for felony theft offense because defendant resisted arrest, his prior

21 'strikes' involved the threat of violence, and defendant had a lengthy criminal history).

22 By contrast, the Ninth Circuit has struck down sentences only where the triggering offense

23 was non-violent or technical in nature.  See Gonzalez v. Duncan, 551 F.3d 875 (9th Cir. 2008)

24 (striking down sentence of twenty-eight years to life for defendant's failure to update sex offender

25 registration within five days of his birthday because there was no rational connection between the

26 technical offense and the likelihood of recidivism); Ramirez v. Castro, 365 F.3d 755, 775 (9th Cir.

---

28 [2] See Duhaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 2000) ("[Ninth Circuit] cases may be persuasive authority for purposes of determining whether a particular state court decision is an 'unreasonable application' of Supreme Court law, and also may help us determine what law is 'clearly established.'").

2004) (striking down sentence of twenty-five years to life for a nonviolent shoplifting offense where defendant's prior offenses consisted of two nonviolent robberies); see also Reyes v. Brown, 399 F.3d 964 (9th Cir. 2005) (remanding for evidentiary hearing on the gravity of defendant's prior conviction where court imposed a sentence of twenty-six years to life and triggering felony was perjury on a driver's license).

Here, as the Magistrate Judge concluded, Petitioner's case falls squarely into the set of cases in which the Ninth Circuit has upheld sentences as proportional. Petitioner's criminal record is marked by violence. In 1984 she was convicted of voluntary manslaughter after she fought with and eventually stabbed her boyfriend to death. Lodgment No. 1 at 00013. In 1993, she was convicted of child abuse and assault with a deadly weapon after she slapped her fourteen-year-old son across the face then slashed him with a knife. Id. During that incident, Petitioner threatened to kill her son. The current offense also involves significant violence. Petitioner attacked two people with a hammer in an elevator. Id. at 00014. The people were not armed and were trapped inside a small space. In addition, Petitioner's actions put a nearby infant in danger. Id. Her history of recidivism, which includes violence and the threat of violence, coupled with the fact that her current offenses are not "technical" violations of the law, compel the conclusion that her case is not the "extremely rare" case which gives rise to an inference of disproportionality. See Ramirez, 365 F.3d at 770; see also Nunes, 485 F.3d at 439; Taylor, 460 F.3d at 1101; Rios, 390 F.3d at 1086.

For the foregoing reasons, Petitioner's sentence was neither contrary to, nor an unreasonable application of, clearly established federal law as determined by the Supreme Court. See 28 U.S.C. § 2254(d)(1). Therefore the Court **DENIES** Petitioner's fifth claim.

**VI.     Ineffective Assistance of Trial/Appellate Counsel (Claims Six and Seven)**

Lastly, in her Traverse, Petitioner alleges trial counsel was ineffective because she was sentenced under California's three strike's law even though her prior assault with a deadly weapon conviction was not a strike. Traverse at 6, 8-9. Petitioner also alleges that appellate counsel was ineffective, apparently for failing to argue that Petitioner's 1993 prior conviction was not a strike

1  and for filing a Wende brief.³  Traverse at 12-13.  Respondent does not address these claims, but as
2  previously stated, the Court may deny the petition if it is "perfectly clear that the applicant does not
3  raise even a colorable federal claim." Cassett, 406 F.3d at 624.
4     The Magistrate Judge identified the correct standard for establishing ineffective assistance
5  of counsel, and the standard for trial and appellate counsel is the same.  Smith v. Robbins, 528
6  U.S. 259, 285 (2000) ("The proper standard for evaluating [a] claim that appellate counsel was
7  ineffective . . . is that enunciated in Strickland")  To establish ineffective assistance of counsel, a
8  petitioner must establish that trial counsel's performance fell below an objective standard of
9  reasonableness.  Strickland v. Washington, 466 U.S. 668, 687 (1984)  Second, a petitioner must
10 show counsel's deficient performance prejudiced the defense.  Id. at 687.
11     As stated above in Part I, contrary to Petitioner's claim, her prior assault conviction was a
12 strike under California law.  See Delgado, 43 Cal. 4th at 1231.  Accordingly, neither counsel's
13 failure to raise this issue was objectively unreasonable.  See Juan H. v. Allen, 408 F.3d at 1273
14 (stating that counsel is not ineffective when he or she fails to raise a meritless objection).
15 Petitioner does not allege any other claims that appellate counsel could have successfully raised on
16 appeal, and therefore she has not established appellate counsel's decision to file a Wende brief was
17 objectively unreasonable or that it prejudiced her.
18     There is no merit to Petitioner's ineffective assistance of counsel claims, and therefore the
19 Court **DENIES** Petitioner's sixth and seventh claims.
20 **VII.  Certificate of Appealability**
21    A petitioner complaining of detention arising from state court proceedings must obtain a
22 certificate of appealability to file an appeal of the final order in a federal habeas proceeding.  28
23 U.S.C. § 2253(c)(1)(A).  The court may issue a certificate of appealability only if the petitioner
24 "has made a substantial showing of the denial of a constitutional right."  Id. § 2253(c)(2).  To make
25 a "substantial showing," the petitioner must demonstrate that "reasonable jurists would find the
26 district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel,

---

³ See People v. Wende, 25 Cal. 3d 436 (Cal. 1979).  A Wende brief is one that an appellate counsel can file when he finds no legitimate issues for appeal.  Hebbe v. Pliler, 611 F.3d 1202, 1203 n.1 (9th Cir. 2010).  When an attorney files a Wende brief the court is then obliged to undertake an independent review of the record for valid claims.  Id.

529 U.S. 473, 484 (2000).  In other words, the petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Id. (citation and internal quotation marks omitted).  In this case, the Court finds Petitioner has not made the required showing of the denial of her constitutional rights with respect to any of her claims, and therefore the Court **DENIES** a certificate of appealability.

## CONCLUSION

For the reasons set forth herein, and based upon the Court's *de novo* review, the Court hereby (1) **REJECTS** Petitioner's objections; (2) **ADOPTS IN FULL** the Magistrate Judge's R&R; (3) enters judgment **DENYING and DISMISSING** the Petition, and (4) **DENIES** a certificate of appealability.

**IT IS SO ORDERED.**

**DATED:  October 27, 2010**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**